Ejectment upon a Lease made by Meekins & Vadin of several parcels of Land in James City County
Upon not Guilty in the County Court this Special Verdict is found. That Thomas Meekins was Seized in fee of the Lands in Question and having four Children, Tho’s, W’m Roger and Mary 7. Feb’y 1669. by his last Will dated as before Devised one Parcel to Tho’s and his Heirs for ever and gives him a Legacy besides, another Parcel of the Land to William and his Heirs for ever and gives him a Legacy And another Parcel of the Land to Roger and his Heirs for ever with a Legacy
He gives a Legacy to his Daughter Mary and then adds this Clause “If it shall happen that any of my said Children die “ with’t Issue then that share shall equally be divided among “ those that Survive. But if all my Children die without Issue, “ then my Lands shall fall to my Heirs in England”
The Testor, died, Tho’s W’m and Roger enter into their respective parts William died without Issue before the year 1682 (the certain time non constat) Tho’s entered into his part and by Feoffment dated 7. 9’ber 1682 Conveys it to Humphrey Browning and W’m Brown in right of Roger Enters upon him, Browning brings his Ejectm’t and by the Judgm’t of the General Court 28 Sep’r 1683. recovered The Court holding that Tho’s had a Fee in Williams part Feb. 1698. Browning Enfeoffs Lewis Burwell & 5 April 1700 Roger by several Deeds of Lease and Release Conveys [127] 438 Acres and 68 acres being his part as I suppose to Lewis Burwell
Lewis Burwell by his Will devised these Lands to his Son James Burwell and from him it descended to one of the Defendants Baron Burwell
Thomas Meekins the eldest Son of the Testor and his Wife by Deed 15 October 1684. Conveyed 150 Acres (I suppose of his own part) to Robert Martin in Fee
Martin 29. of Xber. 1691. Conveyed to Allex. Walker and from him it Descended to the Deft. Walker and the Deft. Hold- *R16 croft claims a third part of it in right of his Wife the late Wife of Allex. Walker for her Dower. Tho’s Meekins died 2. March 1721. leaving Issue — Meekins one of the Lessors his Son and Heir
Roger Meekins died 2. March 1723. with’t Issue the other Lessor Vadin is Son and Heir of Mary the Daughter who died Anno 1723. In the first part of the Will of Thomas Meekins the three sons took an Estate in fee Simple in the several Parcels of Land Devised to them which shall not be restrained by an Estate Tail unless the Testators meaning in the Subsequent words appears to be so If they be dark and doubtful the Fee Simple Estate stands uncontroverted vid. Polf. 426. So the Question will be Whether the latter Clause be so clear as to shew the Testator’s Intent, That instead of a fee simple they shou’d have an Estate Tail in their several parts or what his Intent was
The words are very doubtful and uncertain and it is very difficult to Collect the Testors. intent’n from them
The first part of the Clause “ if any of my Children die without “ Issue that share shall be equally divided among those that survive is very uncertain and of a doubtful Construction
The other side will insist that this part of the Clause shall be Construed, That upon the death of one of the Sons without Issue, the Lands Devised to him shou’d remain to the other two Sons and the Daughter So upon the death of another of the Sons without Issue his part shou’d remain to the Surviving Son and the Daughter
And it must be upon such a Construction that Vadin one of the Lessors of the Pit. can have any right to part of the Lands in Question. But it is clear from the whole scope of the Will that the Testator Intended the whole Lands for his Sons in the first place, For the Daughter had no Land given to her and the Daughter by a possible implication only cannot have any Estate in Remainder by this Clause so as to Disinherit the Heir at Law; Which is a settled point since the Case of Gardener and Shelton in Vace 259. There the case was upon a Will
[128] If my son George and my Daughters Catherine and Mary die without Issue, then my Lands to remain to my Nephew and his Heirs forever And it was Adjudged that the Daughters took nothing by the Will, for where the Words of a Will are Ambiguous & doubtful Construction they shall not be interpreted to the disinheriting of the right Heir
*R17 Therefore unless no other Construction cou’d possibly be made the Dauter can take nothing in Rem’r by this part of the Clause.
But the Testator seems rather to have intended by the Word (share) That in Case of the death of any of his Children, the money and Goods he had before bequeathed to them shou’d be equally divided among the Survivors and not the Lands, For in the latter part of the Clause he says, if all his Children die without Issue his Lands shall fall to his Heirs in England, whereby he plainly excludes the Lands in the other part of the Clause Besides upon the death of the Daughter without Issue no Lands remained to the Sons which makes the Presumption Stronger, that it was not meant to extend to Lands, but to Personal Things, for he must intend a reciprocal Benefit to the Survivors upon the death of any one of the Children And it may be Objected that there be no Rem’r of a Chattle, so the Words will be useless unless they Relate to the Lands
That can be no Argument in this Case, for the Testator undoubtedly by these words “ If any of my s’d Children shou’d die &c. which extend to the Daughter as well as the Son must intend upon her dying without Issue that the Legacy shou’d remain to her Brothers And ignorant People who make their Will without Advice do not know but that their Goods may be disposed in this manner
But if this part of the Clause shall relate to the Lands the Daughter took nothing by implication and the words gave the two sons only an Estate for Life, the fee simple descending upon the eldest drowned [sic] his Estate and he might sell his reversion in Rogers part So that way we have a Title to Williams Land
For this vide Skinner Middleton’s & Swans Case 339 Where a Devise was to H. and his Heirs and if he die before such an age his share shall go to the rest of his Children younger: and Share and Share alike
The younger Children had but an Estate for Life So in Skinner 363 Totam illiam partam with’t Limitation of any Estate carry’s but an [129] Estate for Life. But they will rely upon the Subsequent words “ If all my Children die without Issue, then “ my Land to fall to my Heirs in England ” That they make an Estate tail to the Sons with cross Rem’r. To that I answer *R18 that Allowing the former Sentence not to extend to the Lands which is the most consistent Interpretation: Or if the Dauter took nothing by the first part of the Clause which I take to be very clear These Words must be void, Because as the Daughter has no Estate Limitted to her before it is uncertain in what Order the Rem’r shall go Whether the Daughter shall take a joint Estate with the Surviv’rs upon the death of one of the Sons without Issue; Or whether she shall wait till all the Sons die without Issue; and tho’ Wills are to be favoured in their Construction as far as may be. Yet where they are so uncertain that the Intention cannot be Collected they ought to fall, for Men frequently upon their death Beds write Nonsense and it is not possible for the Judges to . sift out their meaning tho’ they rack their Brains ever so much. Therefore in such Cases their words shall rather be rejected than preserved, and for the uncertainty of this last Sentence in our Case it must be rejected. To which purpose there are several Authoritys.
In the Case of Taylor and Sayer Cro. Eliz. 742. A Man Seized in fee of Lands Deviséd them to his Wife for Life and after her death to his Issue when he had several Children, and because it was uncertain which of his Issue he intended the Devise was held void. In the Case of Hanchet and Thekwall 3. Mod. 104. There the Devise was to one of his Sons for Life Rem’r to his four Daughters Share and Share alike (without Limitting any Estate) And Price and Warran which is same Case in Skinner 266. And if all my Sons and Daughters die without Issue, then to my Sister and her Heirs. And because he had another Son who took no Estate by the Will It was uncertain in what Order the Estate shou’d go, there being no Appointment who shou’d have the part of any of the Daughters dying without Issue. Therefore it was Adjudged that the Daughters had no Estate Tail, but the Words, if all my Children die without Issue were void which is a Case in point if the first part of the Clause doth not extend to the Lands.
Then upon the whole matter the Estate given to the three Sons by the former part of the Will, will not be affected by this Clause. So Thomas and Roger had a fee Simple in the Lands in Question and our Title under them is good. So the Judgm’t of this Court was 46 years ago.
[130] But if it be construed that both parts of the last Clause *R19 shall extend to the Lands, then I think upon the death of William without Issue his part vested in Tho’s and Roger in Tail and that the Daughter cou’d take nothing by Implication till after the death of both other Brothers without Issue. So the Lessor Vadin can have no Title.
And the other Lessors Entrey as to half of William’s part is taken away by the Stat. of Limitation, for Rogers right of Entry Accrued 47 years ago at least, And if the Daughters took anything in Remainder upon the death of William her issue is likewise barred.
So that the Deft. Burwell which way soever the Will is construed has a right in a Moiety of the Land Conveyed by Thomas Meekins to his Grand Father.
But the Conveyance from Browning to Tho’s Meekins was a Discontinuance of the Estate Tail; So the entrey of the Lessor of the Pit. is taken away for the whole Lands in Question.
Upon the Argument of this Case The Judgment of the Gen’l Court between Browning and Browning 1683 was in the first place insisted on and that the recovery then did bind the right of and Interest of Roger in Williams Land and the Lessor Meekins cou’d not falsify it in the point tried unless it appeared that there was a joint Defence made. This was Argued upon a Saying Obitor of the Lord Chief Justice Holt in Williers and Harris’s Case Salk 258 and Farresly 67.
But the Court over ruled us in this point because it did not Appear that any Counsel appeared for Roger.
Then upon the Merits of the Cause the Court were of Opinion That the three Sons had several Estates Tail in their Lands, and that Thomas and Roger had an Estate Tail in W’ms part and that the Daughter took nothing.
But they held that as to a Moiety of Williams part the Entrey of the Lessor of the Pit. was taken away by the Stat. of Limitation 1710. And the Judgment was to have been entered upon this Opinion.
But I excepted to the Declaration That the Pit. having Declared upon a Lease made by Meekins and Vadin who took nothing in the Land cou’d not recover.
And I cited the Case of England and Long 2. Rol. Abr. 719.
And upon this Exception the Judgment was reversed for the whole.